IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOROTHY ELIZABETH LEWIS**, <br><br> Plaintiff, <br><br> v. <br><br> **JUDGE MONICA M. HERRANZ**; **WELLS FARGO BANK, N.A.**; and **EMILIE K. EDLING**, <br><br> Defendants. | Case No. 3:25-cv-176-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on June 30, 2025. Judge Beckerman recommended that the Court grant in part and deny in part Wells Fargo Bank, N.A. ("Wells Fargo") and Emilie K. Edling's motion to dismiss,[1] grant Judge Herranz's motion to dismiss, and dismiss the Complaint with prejudice. Judge Beckerman also recommended that the Court deny Judge Herranz's counsel's motion in support of Ms. Lewis's unfiled request for voluntary dismissal. For the reasons stated below, the Court adopts as supplemented Judge Beckerman's Findings and Recommendation.

---

[1] The Court refers to Wells Fargo and Emilie K. Edling as the "Wells Fargo Defendants."

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

Ms. Lewis filed an objection, to which the Wells Fargo Defendants responded. Judge Herranz did not respond. Ms. Lewis asserts that her "claim of fraud was glossed over," and that "[t]he foreclosure action itself is at the heart of the dispute."[2] The Wells Fargo Defendants respond that the validity of the 2013 foreclosure is not relevant because Ms. Lewis's current case

---

[2] Ms. Lewis also objects that the Findings and Recommendation state that Edling was Wells Fargo's attorney of record in 2013, but Edling was not the attorney of record at the time. Because this fact is not material to Judge Beckerman's analysis, the Court does not address it further.

PAGE 2 – ORDER

concerns allegations of only conspiracy and collusion between the Wells Fargo Defendants and a specific judge (Judge Herranz) during a specific proceeding on January 28, 2025.

The Court agrees with Judge Beckerman and the Wells Fargo Defendants that Ms. Lewis fails to state a claim against the Wells Fargo Defendants. Judge Beckerman recommended that the Court dismiss Ms. Lewis's claim against the Wells Fargo Defendants for two alternative reasons. The first is that Ms. Lewis's allegations of the Wells Fargo Defendants' conspiracy and collusion with Judge Herranz are highly implausible and insufficient to state a claim—even acknowledging Ms. Lewis's pro se status—under Rule 8 of the Federal Rules of Civil Procedure. The second is that private actors generally are not state actors for the purposes of claims brought under 42 U.S.C. § 1983. The Court agrees with this analysis. Thus, to the extent that Ms. Lewis's objection that her "claim of fraud was glossed over" concerns allegations related to her conspiracy claims, the Court agrees with Judge Beckerman that Ms. Lewis fails sufficiently to allege a fraud claim against the Wells Fargo Defendants.

Indeed, Ms. Lewis's allegations do not "state with particularity the circumstances constituting fraud" by the Wells Fargo Defendants such that she meets the pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure. Although she accuses all Defendants of fraudulent behavior, those allegations largely concern *Judge Herranz's* alleged conduct, not conduct by the Wells Fargo Defendants. Further, when Ms. Lewis does discuss the Defendants collectively, her allegations are not specific. *See, e.g.*, Complaint (ECF 1) at 3 ("It is clear that the group (the Defendants) came up with this plan [to reopen Ms. Lewis's case in state court] to take advantage of my pro se status and deny me of my Civil Rights and to try and steal jurisdiction, they do not have, by law. By fraud, they are trying to get something they could not get without defrauding me. This action is extrinsic fraud."). As the Wells Fargo Defendants

asserted in their motion to dismiss, these nonspecific and conclusory allegations are insufficient. *See Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) ("Rule 9(b) requires that parties state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." (cleaned up)). The Court therefore agrees with Judge Beckerman that dismissal of the Complaint is appropriate.

The Court adds only that, in her Complaint, Ms. Lewis states that she also seeks relief under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b)(3) states that a court may relieve a party "from a final judgment, order, or proceeding" for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Ms. Lewis alleges that the Wells Fargo Defendants engaged in "extrinsic fraud." *See* ECF 1 at 3.

It is unclear from which final order, judgment, or proceeding Ms. Lewis seeks relief. Based on the text of the Complaint, Ms. Lewis may be seeking relief from Judge Herranz's January 28, 2025 Order reopening Ms. Lewis's case in state court. The Court may not use Rule 60(b) to relieve Plaintiff from a state court judgment. *See Holder v. Simon*, 384 F. App'x 669, 669 (9th Cir. 2010) (unpublished) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *N. Highlands I, II, LLC v. Comerica Bank*, 328 F. App'x 358, 360 (9th Cir. 2009) (unpublished) (explaining that Rule 60 "does not apply to challenges to *state* courts' final judgments" (emphasis in original)). Further, such an order would likely run afoul of the *Rooker-Feldman* doctrine.[3] *See Sternberg v.*

---

[3] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine may not apply if a plaintiff challenges a state court judgment based on extrinsic fraud. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). "Extrinsic fraud" for purposes of the exception to the *Rooker-Feldman* doctrine is "extrinsic fraud *on* a state court" and "is not alleging a legal error *by* the state court; rather, he or she is alleging a wrongful act by the adverse party." *Id.* at 1140-41 (emphasis added); *see also id.*

PAGE 4 – ORDER

*Warneck*, 2024 WL 4805021, at *1 (D. Nev. Nov. 14, 2024) (explaining that the plaintiff "cannot do an end run around *Rooker-Feldman* by resort to Rule 60(b)") (collecting cases).

Based on Ms. Lewis's objections and construing her filings liberally, however, the Court understands Ms. Lewis to be seeking relief from U.S. District Judge Karin Immergut's ruling in *Lewis v. Wells Fargo Bank N.A.*, 2023 WL 2329550 (D. Or. Mar. 2, 2023). In that case, Judge Immergut dismissed Ms. Lewis's complaint requesting review of a final state court judgment that Ms. Lewis alleged was obtained by fraud. *Id.* at *3. Judge Immergut held that Ms. Lewis failed adequately to allege fraud in her complaint and thus the fraud exception to the *Rooker-Feldman* doctrine did not apply and the Court lacked jurisdiction over Ms. Lewis's case. *Id.* That decision is on appeal before the Ninth Circuit.

The Court lacks jurisdiction to grant Ms. Lewis's Rule 60(b) motion. Motions for relief from judgment are properly made to the court that entered the judgment. *See N. Highlands I, II, LLC*, 328 F. App'x at 360 (explaining that Rule 60 "permits a party to move for 'Relief from a Judgement [sic] or Order' entered by the district court to which the motion is made" (quoting Fed. R. Civ. P. 60)). The Court cannot address the merits of Ms. Lewis's motion, which is properly addressed only to Judge Immergut or the Ninth Circuit.

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 25. The Court DENIES the Wells Fargo Defendants' motion to dismiss, ECF 5, on grounds of subject

---

at 1141 ("Extrinsic fraud on a court is, by definition, not an error by that court."). As discussed above, however, Ms. Lewis failed sufficiently to allege that the Wells Fargo Defendants engaged in extrinsic fraud with respect to Judge Herranz's January 28, 2025 Order. Accordingly, the fraud exception of *Rooker-Feldman* is inapplicable.

By the same logic, Ms. Lewis failed sufficiently to establish the basis for the requested Rule 60(b)(3) relief, which is appropriate only upon a showing of "fraud . . . misrepresentation, or misconduct by an opposing party."

PAGE 5 – ORDER

matter jurisdiction. The Court GRANTS this motion, however, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court GRANTS Judge Herranz's motion to dismiss, ECF 10. The Court DENIES Judge Herranz's motion in support of Ms. Lewis's unfiled request for voluntary dismissal, ECF 13. The Court DISMISSES with prejudice[4] Ms. Lewis's Complaint, ECF 1.

**IT IS SO ORDERED**.

DATED this 3rd day of September, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] Generally, "dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). But here, the Court agrees with Judge Beckerman that within the context of Ms. Lewis's factual allegations, previous litigation, and voluminous filings, Ms. Lewis cannot allege the facts necessary to cure the fatal defects in her claims against all Defendants, including her fraud claim against the Wells Fargo Defendants. Accordingly, the Court dismisses Ms. Lewis's Complaint with prejudice.

PAGE 6 – ORDER